3bm508
114 864

DEBT.

## Brown *vs* Buford.

*Case* 136.

APPEAL FROM THE NELSON CIRCUIT.

*May* 31.

*Forbearance.    Consideration.    Indulgence.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS case comes before us on the separate appeal of Brown—no question, therefore, arises as to the liability of R. P. Beauchamp, who pleaded separately, and we need make no remak on that subject.

Upon the case of Brown, who pleaded that he executed the notes without consideration, and relies upon the fact that he signed the notes as security, more than a year after they were executed by the principals, and after one of them had become due—we are of opinion:

An agreement to give time to the principal obligor is a good consideration to support an obligation against a new obligor, tho' signed by him long after the first.

1. That an agreement between the obligee and one of the original obligors, who may be presumed to have acted for the others, as they seem to have been principals, that the obligee would give further time for payment of the note which was due, if Brown would become surety in both notes, was sufficient consideration for his executing both, and of course an agreement that further time should be given on both, was a sufficient consideration.

It is not necessary in such case, that any specified time for indulgence shall be agreed on by obligee to make such obligation binding. If no time is mentioned, "a reasonable and convenient time" will be presumed to have been agreed on, and if not fully given, it constituted only a partial failure of consideration & constitutes no good defence at law.

2. It was not necessary that the time for which indulgence was to be given, should have been precisely defined. There was certainly an agreement to forbear, and an actual forbearance on the first note for about a year, and on the second for nearly two months, and Brown having executed the note on the obligee's agreement to forbear, it must be intended that if no certain time was named, the forbearance was to be "for a reasonable or convenient time," and this is sufficient: *Masses* vs *Sidney,* (*Cro. James,* 683.) The consideration of forbearance generally, without setting forth a specific time in a declaration, is sufficient to charge a third person: *Elling* vs *Vanderlyn,* (4 *Johnson,* 239;) *King* vs *Upton,* (4 *Greenleaf,* 552.)

3. There being no witness present when the times of forbearance were agreed on between the parties, but the result being proved by the statement of the parties at the time Brown signed the notes, that further time was to be given on his doing so, and it appearing that Brown had accompanied one of the original obligors from Nelson county to Woodford, for the sole purpose, so far as appears, of procuring indulgence, it may be presumed that a satisfactory indulgence, and for a specified time, was agreed on, and especially in relation to the note which was due, about which the parties probably felt most uneasiness, and one half of which the obligor, who made the arrangement, said would be paid in the succeeding fall.

4. The notes having been executed by Brown under the circumstances mentioned, the jury might well have found that forbearance for a definite time was promised; and that as to the first note, which was not put in suit for about a year, nor until about six months after one half of it was expected to be paid, the promised forbearance had been fully given, and even if the forbearance promised on the second note, or on both notes, was not fully given, this constituted, at most, but a partial failure of consideration, which did not support the plea.

5. But as the first note only was due, and the other not to become due for nearly twelve months, the immediate object of the arrangement must have been to procure further time on the first note, and as it might have endangered that object to have asked at so early a period for indulgence on the second, it might be reasonably presumed that the promise of forbearance on the first note was the same consideration of Brown's becoming a party to both. In any view of the case, whether the agreement was to give further time on both notes, or on the first only, and whether the promise was to forbear for a specified time, or generally, which would be understood to be for a reasonable or convenient time, we are of opinion, that as Brown certainly signed the notes in consideration of forbearance, actually promised, and as there was an actual forbearance as above stated, there cannot be said to have been no consideration for his execution of the notes, and

RAY & THORNTON
vs
BANK OF KY.

the jury was bound to find for the plaintiff, on the issue. The instructions given by the Court were at least as favorable to the defendant as, under our view of the law, was justifiable: but it is deemed unnecessary to state them. By signing his name to the original notes as an obligor, Brown subjected himself to be sued with the others, as a party to that note.

Wherefore, the judgment is affirmed.

*Monroe & Hardin* for appellant: *Grigsby* for appellee.

3m 510
97  574

3m 510
102  77

3bm510
e110 228
e111  60

3bm510
132  622

ASSUMPSIT.